# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/14/2019 08:30 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Trinh,Deputy Clerk

Case 2:19-cv-07864-CAS-MRW   Document 1-1   Filed 09/11/19   Page 2 of 9   Page ID #:16

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sark Ohanian Esq. | SBN: 208905<br>Carpenter, Zuckerman & Rowley<br>8827 West Olympic Blvd.  Beverly Hills, CA 90211 | |
| TELEPHONE NO.: (310) 273-1230 | FAX NO. (310) 858-1063<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)*: Plaintiff: Stacey Kim, an Individual | |

**Los Angeles County Superior Court - Stanley Mosk Courthouse**
- STREET ADDRESS: 111 North Hill Street
- MAILING ADDRESS:
- CITY AND ZIP CODE: Los Angeles, CA 90012
- BRANCH NAME: Stanley Mosk - Central District

| PLAINTIFF: **Stacey Kim, an Individual** | CASE NUMBER:<br>**19STCV27401** |
|---|---|
| DEFENDANT: **Hawaiian Airlines, Inc., a Delaware Corporation dba Hawaiian Airlines; et al.** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Kim. Stacy 8-8-17** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet
   - e. ☐ Cross-complaint
   - f. ☑ other *(specify documents)*: **Civil Case Cover Sheet Addendum and Statement of Location;Notice of Case Assignment Unlimited Civil Case; Standing Order Re: Personal Injury Procedures, Central District; First Amended Standing Order-Re:Final Status Conference, Personal Injury ('PI') Courts (effective as of April 16, 2018)**
3. a. Party served *(specify name of party as shown on documents served)*:
   **Hawaiian Airlines, Inc., a Delaware Corporation dba Hawaiian Airlines**
   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **CT Corporation System c/o Daisy Montenegro - Registered Agent for Service of Process**
   **Age: 27 Weight: 190 Hair: Black Sex: Female Height: 5'8 Eyes: Brown Race: Hispanic**
4. Address where the party was served: **818 W 7th St Ste 930**
   **Los Angeles, CA 90017-3476**
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **8/12/2019**   (2) at *(time)*: **12:10 PM**
   - b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*:   **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
**POS010-1/129830A**

| | |
|---|---|
| PETITIONER: **Stacey Kim, an Individual** | CASE NUMBER: |
| RESPONDENT: **Hawaiian Airlines, Inc., a Delaware Corporation dba Hawaiian Airlines; et al.** | **19STCV27401** |

    c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

        (1) on *(date):*                           (2) from *(city):*

        (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

        (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☑ On behalf of *(specify):* **Hawaiian Airlines, Inc., a Delaware Corporation dba Hawiian Airlines**
        under the following Code of Civil Procedure section:

        ☑ 416.10 (corporation)                         ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)                ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)                         ☐ 415.46 (occupant)
                                                                             ☐ other:

7. **Person who served papers**
    a. Name: **Steven Phillips - ON-CALL LEGAL**
    b. Address: **1875 Century Park East, STE H  Los Angeles, CA 90067**
    c. Telephone number: **(310) 858-9800**
    d. **The fee** for service was: **$ 186.95**
    e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ registered California process server:
            (i) ☐ owner     ☐ employee     ☑ independent contractor.
            (ii) Registration No.:
            (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **8/13/2019**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

**Steven Phillips**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Electronically FILED by Superior Court of California, County of Los Angeles on 08/05/2019 09:17 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
19STCV27401
Case 2:19-cv-07864-CAS-MRW   Document 1-1   Filed 09/11/19   Page 4 of 9   Page ID #:8
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jon Takasugi

Sark Ohanian, Esq. (SBN 208905)
**CARPENTER, ZUCKERMAN & ROWLEY**
8827 West Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 273-1230
Facsimile: (310) 858-1063
Email: Sark@czrlaw.com

Attorneys for Plaintiff,
STACEY KIM

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STACEY KIM, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN AIRLINES, INC., a Delaware corporation dba HAWAIIAN AIRLINES; and DOES 1 to 50, Inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**<br><br>*JURY TRIAL REQUESTED* |

NOW COMES plaintiff, STACEY KIM, by and through Counsel undersigned and alleges as follows:

**PARTIES**

1. Plaintiff, STACEY KIM ("Plaintiff"), is, and at all times relevant herein, was a resident of and domiciled in the County of Los Angeles, State of California.

2. On information and belief, Defendant HAWAIIAN AIRLINES, INC. is a corporation formed and organized under the laws of the State of Delaware within the United States of America, and doing business as Hawaiian Airlines.

3. At all times mentioned herein, Defendant HAWAIIAN AIRLINES, INC. was qualified to do business in the State of California, and a common carrier engaged in the business of

Carpenter,
Zuckerman
& Rowley

airline transportation operating services for the carriage of passengers by air to and from the County of Los Angeles, State of California.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 to 50 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each of these defendants is an agent and/or an employee of the other and proximately caused or contributed to the causing of plaintiff's injuries as herein alleged while acting in such capacity.

## COMMON ALLEGATIONS

5. Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 4 as if stated in full herein.

6. On or about August 8, 2017, Plaintiff boarded a Hawaiian Airlines flight operated by Defendant HAWAIIAN AIRLINES, INC. originating in Honolulu, Hawaii with a final destination in Los Angeles, California (hereinafter the "Flight"). The contract for air travel was made in the County of Los Angeles, California.

7. During the Flight, unexpected and/or unusual events and happenings occurred which were external to the Plaintiff and which caused her to sustain severe and permanent injuries including, without limitation, severe burns to her lower extremity. Plaintiff has further sustained pain, suffering, and permanent scarring. To the extent, if any, that these damages were caused by the defendants' employees' conduct such conduct was carried out in an unreasonable manner and constituted an unusual, unexpected departure from ordinary procedures.

8. More specifically and without limitation, defendants' employee improperly placed a cup of extremely and unreasonably hot coffee on an unstable tray/seat, which then spilled on Plaintiff and caused severe burns. Additionally, defendants are liable for serving the hot coffee in an open container with no secure lid and serving it at an extremely unexpected hot temperature which is too high for human consumption and likely to lead to severe

burns if spilled.

9. As a factual, legal, and proximate result of the allegations herein Plaintiff was injured in her health, strength and activity, and sustained injury to her body, and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering and severe emotional distress.

10. As a further factual, legal, and proximate result of the allegations herein, Plaintiff was required to and will have to employ physicians and surgeons for medical examination, treatment and/or care of said injuries. Plaintiff will ask leave of court to amend this Complaint to set forth the correct amount of medical and incidental expenses when the same are fully and finally ascertained.

11. Plaintiff is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff, all to her general damage in a sum within the jurisdiction of this court.

12. As a further factual, legal, and proximate result of the allegations herein, Plaintiff was, and will in the future be, prevented from attending to her occupation. Plaintiff will seek leave to amend this Complaint when the loss of earnings and earning capacity by plaintiff, as a result of Defendants' conduct can be fully and finally ascertained.

## JURISDICTION

13. Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 12 as if stated in full herein.

14. Defendant HAWAIIAN AIRLINES, INC. operates an establishment in the County of Los Angeles through which the contract for international carriage by air was entered into by and between Plaintiff and defendants.

15. Plaintiff, a passenger, maintained at all relevant times her principal and permanent residence in the County of Los Angeles, State of California.

16. Defendant HAWAIIAN AIRLINES, INC. operates services for the carriage of passengers

by air and conducts its business of carriage of passengers by air in the County of Los Angeles, State of California.

# FIRST CAUSE OF ACTION

(Negligence as to Defendants HAWAIIAN AIRLINES, INC., a Delaware corporation dba HAWAIIAN AIRLINES; and DOES 1 to 50, Inclusive, and Each of Them)

17. Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 16 hereinabove, as if stated in full.

18. On or about August 8, 2017, defendants, and each of them, as possessors, owners, maintainers, managers, operators, controllers, and/or lessees of the subject premises, owed a duty to Plaintiff to exercise ordinary care in the maintenance and/or management of the plane and premises involved in the subject Flight, including but not limited to the preparation and service of hot liquids.

19. On said date, defendants and each of them, voluntarily undertook, without limitation, the duties to provide plaintiff with reasonably safe services, products and premises.

20. On said date, defendants, each of them, and their employees, agents, or representatives, were negligent in, without limitation, their failure to exercise ordinary care in the maintenance and/or management of the subject services, products and premises.

21. On said date, defendants, each of them, and their employees, agents, or representatives, were negligent in, without limitation, that during the Flight, unexpected and/or unusual events and happenings occurred which were external to the Plaintiff and which caused her to sustain severe and permanent injuries including, without limitation, severe burns to her lower extremity. Plaintiff has further sustained pain, suffering, and permanent scarring. To the extent, if any, that these damages were caused by the defendants' employees' conduct such conduct was carried out in an unreasonable manner and constituted an unusual, unexpected departure from ordinary procedures.

22. More specifically and without limitation, defendants' employee improperly placed a cup of extremely and unreasonably hot coffee on an unstable tray/seat, which then spilled on

Carpenter, Zuckerman & Rowley

Plaintiff and caused severe burns. Additionally, defendants are liable for serving the hot coffee in an open container with no secure lid and serving it at an extremely unexpected hot temperature which is too high for human consumption and likely to lead to severe burns if spilled.

23. On or about August 8, 2017, as a factual and legal result of defendants, each of their, and their employees, agents, or representatives' aforementioned negligence, plaintiff was severely and permanently injured and suffered damages in an amount which exceeds the minimum jurisdictional limits of this Court, according to proof at the time of trial.

**WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

a. For general damages according to proof in an amount within the jurisdiction of this Court;

b. For special damages including, without limitation, for medical expenses, medication, loss of earnings, and other out-of-pocket expenses and economic damages in an amount according to proof at time of trial;

c. For costs of suit incurred herein; and

d. For such other and further relief as the court may deem proper.

DATED: August 1, 2019          CARPENTER, ZUCKERMAN & ROWLEY

By:_____
Sark Ohanian, Esq.
Attorneys for Plaintiff,
STACEY KIM

## JURY TRIAL DEMAND

Plaintiff STACEY KIM hereby demands a trial by jury.

DATED: August 1, 2019            CARPENTER, ZUCKERMAN & ROWLEY

By: _____
Sark Ohanian, Esq.
Attorneys for Plaintiff,
STACEY KIM